HENRY C. CLARK *vs.* JOSEPH C. PECKHAM, City Treasurer.

C. being the occupant of two wharves between which was a dock, on Providence River in the city of Providence, claiming title from an association which had formerly filled in a large tract of land, of which the land at the head of the dock was claimed to be a part, it was *held* that, in an action by C. against said city for damages caused by filling up said dock, the court did not err in instructing the jury that the city had no right to fill up said dock, if it did not claim the fee of the land at the head thereof, or claim under the person that held the fee.

The filling up by the city of Providence, by means of a sewer, of any portion of its harbor to the injury of navigation, is an indictable offence; but an individual who has suffered any special damages may recover, in a civil action, his damages caused by said injury, although they are occasioned by what is in itself a public nuisance.

A riparian owner of land bounded by navigable water has a right of access to such navigable water, of which he cannot be lawfully deprived; and any one doing anything in front of the land of such a riparian proprietor which makes it less accessible, is liable in damages therefor.

ACTION of the case, to recover damages of the city of Providence, for injuries caused by filling up the dock of the plaintiff. The case was first tried at the March Term, 1868, of the Supreme Court for this county, and after a verdict rendered in favor of the plaintiff, a new trial was granted at the March Term, 1870, of the Supreme Court for this county (see report of the case, 9 R. I. 455), and the case was again tried at the October Term, 1870, of said court for this county, before Mr. Justice Potter and a jury, when, after a verdict in favor of the plaintiff for nine thousand dollars, the defendants moved for a new trial on the ground that the verdict was against the evidence and the weight thereof, and for alleged errors on the part of the judge presiding at the trial in his instructions to the jury, which are sufficiently stated in the opinion of the court.

*Payne & Parkhurst*, for the defendant, in support of the motion, contended that the verdict was against the evidence, and also, 1st. That the plaintiff had no right of action against the city for constructing and maintaining the sewer described, upon the land to which the plaintiff had no title, or for filling up a

Clark *v.* Peckham.

dock in which the plaintiff had no interest other than that of every one of the public. *Parton* v. *Holland*, 19 Johns. 92; *Radcliffe, Ex'r,* v. *Mayor of Brooklyn*, 4 Comst. 195; *Callender* v. *Marsh*, 1 Pick. 418; *Millard* v. *Cambridge*, 3 Allen, 574; *McLauchlin* v. *Charlotte & South Car. R. R. Co.* 5 Rich. 583, and cases cited; *Clark* v. *Peckham, City Treasurer*, 9 R. I. 455; *Richardson* v. *Boston*, 19 How. 263; *S. C.* 24 How. 188; *Boston* v. *Lecraw*, 17 How. 426. 2d. That the plaintiff could not, under his writ and declaration, recover for special damages sustained by a public nuisance.

*Eames & James Tillinghast*, for plaintiff, *contra*, contended that the verdict was not against the evidence, and also, 1st. That the plaintiff could maintain this action although he showed no title to Dorrance Street or Dorrance Street Dock. *Clark* v. *Peckham, City Treasurer*, 9 R. I. 455; *Richardson* v. *Boston*, 19 How. 263. 2d. That the plaintiff could recover his special and peculiar damages, although occasioned by what was in itself also a public nuisance. Sedgwick on Damages, pp. 29 and 156; *Clark* v. *Peckham, City Treasurer, supra;* *Paterson & Newark R. R. Co.* v. *Stevens*, 10 Am. Law Reg. (N. S.) 180; *Stetson* v. *Faxon*, 19 Pick. 147. 3d. That the plaintiff could recover although he showed no title to the land lying at the head of the dock. At least as against everybody but the owner of the fee of the land at its head, the plaintiff had the right to have this dock kept open and unmolested for the use of his wharf. *Clark* v. *Peckham, City Treasurer, supra;* *Simmons* v. *Mumford*, 2 R. I. 172; *Marblehead* v. *County Commissioners*, 5 Gray, 451; *Richardson* v. *Boston, supra.*

POTTER, J.[1] In this case the plaintiff was owner or occupant of two wharves, claiming title under the Dorrance Street Association, which had formerly filled in a large tract of land. There was a dock between these two wharves. The land at the head of this dock was claimed to be a part of the land filled in by the Association. On the part of the city it was claimed that the piece at the head of the dock (where the sewer emptied into the river) had become a highway by the filling in or by dedication.

---

[1] DURFEE, J., being interested, did not sit in the trial of this case.

If Dorrance Street formerly extended to the water, then as the proprietors filled in, the street would be continued to the new made water line. But the city asserted no claim to the fee of the land so made. Whether it is still in the Dorrance Street Association, or whether the deeds of the lots sold extended to the centre of the highway, is of no consequence in the present case.

The owners of the plaintiff's wharf had, in the assertion of their admitted rights, built out to the harbor line, — one effect of the act establishing a harbor line being, that they might wharf out to it without being liable to indictment for a nuisance or injury to navigation. Any other effects of such an act it is now now necessary to consider.

The plaintiff claimed that the city had, by means of the Dorrance Street sewer emptying in at the head of the dock, discharged a great quantity of mud, &c., into this dock, by which it was partially filled, and he was injured thereby. But no one claiming any right had ever filled any of the space between these wharves, unless this filling out now complained of was so done.

This case has been once before heard before this court upon other points, and a new trial granted.

A new trial was had, and the counsel for the city requested the court to charge that, as the owner of the bank at the head of the dock has a right to fill out, and as the plaintiff is not the owner, he cannot maintain an action whoever else may fill out, as he, the plaintiff, has no absolute right to have it kept open. If filled up at all, no one can object but the riparian owner, and no one but the riparian owner can be damaged by the filling.

But the court charged the jury, that unless the city claimed the fee of the bank at the head of the dock where the sewer emptied, or claimed under the person who held the fee, they would have no right to fill it.

And the counsel for the city further requested the court to charge, that under the plaintiff's writ and declaration he could not recover for special damages sustained by a public nuisance.

But the court charged that if the city by this sewer filled up any portion of the harbor to the injury of navigation, that was an indictable offence ; but if the filling had caused any particular injury to the plaintiff, he could recover.

That, while the shore itself, and the space between high and low-water mark is public for passage, the riparian owner has a right of access to the great highway of nations, of which he cannot be deprived, is recognized by a great number of cases. *Clement* v. *Burns,* 43 N. H. 609, 617, 619 ; *Bowman's devisees and Burnley* v. *Wathen et al.* 2 McLean, 376 ; *Lessee of Blanchard* v. *Porter Collins et al.* 11 Ohio, 138 ; *Crawford* v. *Village of Delaware,* 7 Ohio State, 459 ; *Blundell* v. *Catterall,* 5 B. & A. 287, 294, 304, 309 ; *Somerset* v. *Fogwell,* 5 B. & A. 883 ; *Martin et al.* v. *Waddell,* 16 Pet. 367. And this riparian right of access is valuable — is property, and can only be taken on compensation. *Yates* v. *Milwaukee,* 10 Wal. 497, 504.

So far as concerns the front of his land, the riparian owner has the undoubted right of access to it ; and no one could do anything in front of his land to make it less accessible, without being liable for damages. *Richardson* v. *Boston,* 24 How. U. S. 188 ; *Harrison* v. *Sterret,* 4 Har. & McH. 540. But wherever the tide water flows, and so long as it flows, it is a portion of the great highway.

So long as the dock is not filled by the owner of the bank, it is subject to the *jus publicum* of being used for passage by the whole public. Even if the riparian owner fills out his whole front, so long as the adjoining owner does not wharf out, he has a right of access to the sides of his wharf ; he has indeed no exclusive right to the use of the water opposite the adjoining land ; he has it in common with the world ; but it is enough that he has it ; to him it is of especial value as giving him additional facility of access to his wharf.

In the case of a highway on land, there may be an obstruction of the right of the public for which the remedy would be by indictment ; but if that obstruction was of such a nature and so placed as to prevent the access of any proprietor to his own land, then that would be a special damage to him for which he might sue.

So in the case of the highway on tide water. It is admitted that the adjoining owner has the right to wharf out ; but no one else has a right to prevent the plaintiff's access to the sides of his wharf ; and as the city does not claim the fee of the bank at the head of the dock where the sewer empties, and does not claim to

have acted under the owner of the fee, we think there is no justification for the act complained of; and that although it might be a public nuisance to navigation, the plaintiff is entitled to claim for any special damage.

*Motion for new trial denied, and judgment on the verdict.*